Jimmy K. V. CHIN, M.D. and Swee Fong Chin, Plaintiffs,

v.

KAUIKEOLANI CHILDREN'S HOSPITAL, a Hawaii Hospital Corporation aka Children's Hospital, S. L. Hammar, M.D., Individually and as Director of Training of the Department of Pediatrics at Children's Hospital, Marian Melish, M.D., Individually and as a member of the Pediatric Residency Review Committee, Sharon Bintliff, M.D., Individually and as a member of the Pediatric Residency Review Committee, Alistair Philip, M.D., Individually and as a member of the Pediatric Residency Review Committee, Raquel M. Hicks, M.D., Individually and as a member of the Pediatric Residency Review Committee, Sorrel Waxman, M.D., Individually and as a member of the Pediatric Residency Review Committee; Paul E. Cook, Individually and as Administrator and Secretary of Kauikeolani Children's Hospital, Defendants.

Civ. No. 74–88.

United States District Court,
D. Hawaii.

March 6, 1978.

Joseph A. Ryan, Ryan & Ryan, Honolulu, Hawaii, for plaintiffs.

Peter C. P. Char, Mary L. Hudson, Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, for defendants Kauikeolani Children's Hospital, Hammar, Melish, Bintliff, Philip, Hicks, Cook.

John F. Perkin, Hoddick, Reinwald, O'Connor & Marrack, Honolulu, Hawaii, for defendant Waxman.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS

SAMUEL P. KING, Chief Judge.

Dr. Jimmy K. V. Chin and his wife, Swee Fong Chin, brought this action after Dr. Chin's allegedly wrongful termination from a pediatrics residency program at the Kauikeolani Children's Hospital. Relying in part on some relationship between the Program and the University of Hawaii School of Medicine, Dr. Chin claimed various violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Mrs. Chin sought general and punitive damages for her suffering as a result of those violations. The defendants included the Hospital, hospital doctors, and a private doctor, Sorrel Waxman. Filed in 1974, the case came to trial on January 24, 1978, after certain defendants had been dismissed and after several counts in the third amended complaint were dismissed.

On January 31, 1978, at the conclusion of plaintiff's case-in-chief, defendants moved for a directed verdict on the remaining counts. The motion was granted. As to section 1983, plaintiffs had not shown state action. As to sections 1981, 1985, and 1986, plaintiffs had failed to produce evidence of discrimination or of a conspiracy. The defendants have moved for attorneys' fees and costs, under 42 U.S.C. § 1988.

As the United States Supreme Court recognized in *Christiansburg Garment Co. v. EEOC,* 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), a prevailing defendant in a meritless, frivolous, or unreasonable Title VII action may recover fees even in the absence of bad faith prosecution. Furthermore, the Court noted that fees were proper where the unreasonability of the claim became clear during the course of litigation. *Id.* at 701, 54 L.Ed.2d at 657. Like the Court, I realize that when a prevailing defendant moves for attorney's fees, a court must be sensitive to the potentially chilling effect of such an award. As the *Christiansburg* Court noted, Congress envisaged Title VII as a means of vindicating constitutional rights. *Id.* In this case it is important to note that *Christiansburg* was decided the day before this trial began. Nevertheless, *Christiansburg* had been pending in the Supreme Court for some time. Furthermore, the legislative history and plain language of section 1988 contemplates application to prevailing defendants. For this reason, whereas an award of attorneys' fees in this case for pretrial services might be considered unfair, attorneys' fees for trial appearances would not be if the unreasonability of the action should have become apparent by the time of trial.

Bearing this in mind, I find that in the light of the guidelines in *Kerr v. Screen Extras Guild,* 526 F.2d 67, 70 (9th Cir. 1975) and after reviewing the record and considering matters presented at trial, defendant Sorrel Waxman is entitled to ONE THOUSAND DOLLARS ($1000.00) in attorney's fees. The remaining defendants are entitled to TWO THOUSAND DOLLARS ($2000.00) in attorneys' fees. I further award the defendants COSTS as shall be allowed.

Be it so ORDERED.