Sonya **OLITSKY** et al.,
**Plaintiffs-Appellees,**

·v.

Peter **O'MALLEY** et al.,
**Defendants-Appellees,**

**and**

John **Larkin, Herbert Goodwin and Fletcher Wiley,**
**Defendants-Appellants.**

**No. 78–1480.**

United States Court of Appeals,
First Circuit.

Argued March 14, 1979.
Decided April 30, 1979.

Thomas Miller, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., was on brief, for defendants-appellants.

\* Of the District of Rhode Island, sitting by designation.

1. We also affirmed the findings and rulings of the district court that there were no first

Kenneth H. Tatarian, Boston, Mass., with whom Morris M. Goldings, and Mahoney, Hawkes & Goldings, Boston, Mass., were on brief, for plaintiffs-appellees.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, PETTINE, District Judge.\*

BOWNES, Circuit Judge.

Defendants-appellants appeal the refusal of the district court to award a reasonable attorney's fee pursuant to 42 U.S.C. § 1988. Appellants John Larkin, Herbert Goodwin, and Fletcher Wiley are Commissioners of the Massachusetts Alcoholic Beverages Control Commission (Commission). Sonya Olitsky and Joyce Matthews brought a 1983 civil rights action against appellants, a Boston police officer, the Boston Police Commissioner and members of the Boston Licensing Board, alleging that enforcement of mingling regulations promulgated by the Licensing Board violated their first amendment rights to freedom of speech and their fifth amendment right to earn a living (deprivation of property without due process of law). *See Olitsky v. O'Malley*, 597 F.2d 295 (1st Cir. 1979). The district court dismissed the claim against appellants for lack of justiciability. We affirmed. *Olitsky v. O'Malley, supra*, at 298–299.[1]

42 U.S.C. § 1988 provides in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

amendment violations by the other defendants and that the "mingling" regulations were not unconstitutional. *Olitsky v. O'Malley*, 597 F.2d 295 (1st Cir. 1979).

The issue is whether the district court abused its discretion by refusing to grant appellants a reasonable attorney's fee.

The Supreme Court has recently explored in depth the basis and criteria for an award of attorney's fees to a prevailing defendant in a civil rights action brought under section 706(k) of title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k).[2] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). In adopting the test of whether the action had been " ' "unfounded, meritless, frivolous or vexatiously brought," ' " advanced by the Third and Second Circuits, the Court said:

> Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense [footnote omitted, emphasis in original].

*Id.* at 422, 98 S.Ct. at 701.

Contrary to what appellees urge, we see no reason to formulate a different test because a different statute is involved. The same principles apply. *Green v. Ten Eyck*, 572 F.2d 1233, 1243 n.11 (8th Cir. 1978); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 545 (5th Cir. 1978).

■ Our review of the pleadings and the record convinces us that the district court did not abuse its discretion in denying appellants attorney's fees; the action against them was not frivolous, unreasonable, groundless or vexatiously brought. The action against appellants was based on a regulation of the Commission which provides: "No licensee for the sale of alcoholic beverages shall permit any disorder, disturbance or illegality of any kind to take place in or on the licensed premises. The licensee shall be responsible therefor, whether present or not." Regulation 21. Appellants were staging a broad based first amendment attack on the enforcement of regulations which prohibited entertainers from soliciting drinks from patrons. Regulation 21 was not so far removed from the attack as to place it completely outside the range of fire. The Commission had in the past successfully used Regulation 21 to sustain the Licensing Board's suspension of a licensee's liquor license for employee mingling. *Aristocratic Restaurant of Massachusetts, Inc. v. Alcoholic Beverages Control Commission (No. 1)*, 374 N.E.2d 1181 (Mass.1978), *appeal dismissed*, —— U.S. ——, 99 S.Ct. 58, 58 L.Ed.2d 96 (1978). While we held in *Olitsky v. O'Malley, supra*, that "plaintiffs have failed to show that the ABCC has caused or is likely to cause them a cognizable injury through Regulation 21," at 298, this was not completely obvious at the commencement of the suit. The situation here is different from that in *Goff v. Texas Instruments, Inc.*, 429 F.Supp. 973 (N.D.Texas 1977), relied on by appellants, where a 1983 action was brought against a private corporation without any allegation of state action. The claimed connection between Regulation 21 and the mingling regulations was not proven, but this did not render the claim frivolous or groundless. Given the nature of appellees' action and the role the Commission plays in suspending or revoking liquor licenses for statutory and regulatory violations, it was not unreasonable for appellees to bring suit against the members of the Commission, along with the other defendants.

■ Appellants argue, however, that the failure of appellees to voluntarily dismiss after appellants had filed a trial brief highlighting the weakness of the asserted claim and their failure to engage in any pretrial discovery shows that the suit was brought in bad faith and for purpc es of

---

**2.** "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

harassment. We disagree. We note first that voluntary dismissal is, except in unusual circumstances, almost alien to our adversary system. Once a law suit has been commenced, it is the rare attorney who will voluntarily throw in the towel. While we might wish it were otherwise, experience is to the contrary. Failure to voluntarily dismiss in this case reflected poor judgment, but it does not prove bad faith or harassment. The attempt to prove bad faith on the basis of failure to engage in pretrial discovery, stands the argument on its head. If appellees had put appellants to the expense of pretrial discovery, this could have been advanced as an example of harassment.

We find no basis for awarding appellants attorney's fees.

*Affirmed.*