624 F.2d 125
 22 Fair Empl.Prac.Cas. 1801,
23 Empl. Prac. Dec. P 31,003
Pamela Sue SMITH, Individually and on behalf of all others
similarly situated, Plaintiff-Appellee,
v.
JOSTEN'S AMERICAN YEARBOOK COMPANY, Defendant-Appellant.
 No. 78-1454.
 United States Court of Appeals,
Tenth Circuit.
 Argued March 13, 1980.
Decided June 13, 1980.
 
 Thomas P. Kane of Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn. (Michael J. Bleck of Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, Minn., and Stewart L. Entz of Colmery, McClure, Funk, Letourneau & Entz, Topeka, Kan., with him, on brief), for defendant-appellant.
 Gordon Gelfond of Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., and Fred W. Phelps, Jr. of Fred W. Phelps-Chartered, Topeka, Kan. (Arnold Levin of Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., with him, on brief), for plaintiff-appellee.
 Before SETH, Chief Judge, and HOLLOWAY and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the trial court's denial of attorney's fees to appellant which was the defendant in the trial court and the prevailing party. Appellee Smith instituted an individual and class action against appellant, alleging sex discrimination under Title VII. After discovery was completed the trial court granted appellant's motion to dismiss the suit. Appellant then moved for an award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k). After a hearing the trial court denied the motion. The issue on appeal is whether the lower court abused its discretion in denying appellant an award of attorney's fees.
 
 
 2
 The standard governing the award of section 2000e-5(k) attorney's fees to prevailing defendants is clear. In construing section 2000e-5(k) the Supreme Court held: "(A) plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648. The provision in section 2000e-5(k) for an award of attorney's fees to the prevailing party discourages filing frivolous or unreasonable suits by making the unreasonable plaintiff liable for the defendant's fees. At the same time it encourages plaintiffs who have a bona fide cause of action to proceed by providing for an award of reasonable attorney's fees to a plaintiff should he prevail.
 
 
 3
 We recently applied the Christiansburg standard in EEOC v. Fruehauf Corp., 609 F.2d 434 (10th Cir.), cert. denied, --- U.S. ----, 100 S.Ct. 2944, 65 L.Ed.2d ---- (1980). There we held the lower court's finding that the EEOC had instituted a frivolous suit was unsupported by the record, and vacated the award of attorney's fees to the prevailing defendant.
 
 
 4
 In this case the trial judge was well aware of Christiansburg and applied it to the facts. As to the institution of the suit an investigation by plaintiff's counsel, according to his affidavit, revealed that Josten's laid off female employees before similarly situated male employees; that female employees were not allowed to smoke on the job while the men were; that the women could use a telephone at work only with permission of their supervisor while men had no such rule; and various other alleged discriminations. As a result of this investigation a complaint was filed which alleged sex discrimination in employment. After the suit was filed the plaintiff disappeared. Plaintiff's counsel said nothing about the disappearance to the court or defendant for five months, and then when faced with an order to show cause why the suit should not be dismissed. The trial court had misgivings about the attorney's handling and investigation of the case. Nevertheless, the court was "unable to say with the requisite certainty that counsel instituted the individual suit precipitously and with the knowledge it was groundless." We have reviewed the record. The trial court's finding was not clearly erroneous and should therefore be sustained. The commencement of this suit was not frivolous, groundless, or unreasonable within the meaning of the Supreme Court's Christiansburg decision. See also Bowers v. Kraft Foods Corp., 606 F.2d 816, 818 (8th Cir.) (vacating an award to defendant where "the evidence, while weak, was sufficient to conceivably have influenced Bowers to believe that she had a stronger case").
 
 
 5
 Appellant also contends the discovery process revealed the frivolity or unreasonableness of continuing this suit. The argument, in effect, is that appellee's counsel should have sought or acquiesced in a dismissal of his client's suit. In a recent case the First Circuit responded to this argument as follows: "(V)oluntary dismissal is, except in unusual circumstances, almost alien to our adversary system. Once a law suit has been commenced, it is the rare attorney who will voluntarily throw in the towel." Olitsky v. O'Malley, 597 F.2d 303, 306 (1st Cir.). It affirmed the trial court's denial of the prevailing defendant's motion for attorney's fees. In our case the trial judge considered the continuation issue raised by appellant. In the face of confusing and conflicting evidence the trial judge ruled against appellant. Again, our review of the record persuades us the lower court's finding is not clearly erroneous and should be sustained.
 
 
 6
 We hold the lower court's denial of appellant's motion for an award of section 2000e-5(k) attorney's fees was not an abuse of its discretion and was proper on the facts. We therefore do not reach the question raised in the briefs whether or under what circumstances plaintiff's attorney may be made liable for an award of attorney's fees to a prevailing defendant. See, e. g., Monk v. Roadway Express, Inc., 599 F.2d 1378 (5th Cir.), aff'd, --- U.S. ----, 100 S.Ct. 2455, 65 L.Ed.2d ---- (1980).
 
 
 7
 The judgment of the lower court is AFFIRMED.