**Lelon BENNETT, Plaintiff,**

v.

**Michael CRAMER, Defendant.**

**No. 78–C–262.**

United States District Court, E. D. Wisconsin.

July 29, 1980.

---

Charles Swanson, Racine, Wis., for plaintiff.

Daniel P. Wright, Asst. City Atty., Racine, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Plaintiff, Lelon Bennett, brought this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights, secured by the Fourth and Fourteenth Amendments, were violated by defendant, a City of Racine police officer, when defendant allegedly used excessive force in taking plaintiff into custody on July 16, 1976. In addition to seeking damages for the alleged deprivation of his constitutional rights, Mr. Bennett, in his complaint, sought damages for loss of vision and loss of wages allegedly resulting from injuries inflicted by defendant.

A four-day jury trial commenced April 21, 1980. At trial the Court found that, as a matter of law, Mr. Bennett had not shown a causal relationship between his loss of vision and any actions of the defendant. In addition, the Court found that, as a matter of law, the July 16, 1976 incident had no effect on Mr. Bennett's future earnings. The Court did, however, allow the case to go to the jury on the issue of whether plaintiff had suffered a constitutional violation which would create a right to recover nominal damages. The jury found that defendant did not use excessive force in taking Mr. Bennett into custody. Consequently, Mr. Bennett suffered no constitutional deprivation and his action was dismissed.

Defendant now seeks reasonable attorney's fees pursuant to 42 U.S.C. § 1988. Plaintiff opposes the imposition of fees.

The relevant portion of section 1988 provides that, in section 1983 actions ". . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Both parties rely on *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), to support their positions. *Christiansburg Garment* was a Title VII action in which the prevailing defendant sought reasonable attorney's fees. In affirming the lower court's decision denying defendant's request for attorney's fees, the Supreme Court established different standards for awarding attorney's fees depending on which party prevailed. Although a prevailing plaintiff in a Title VII proceeding is ordinarily to be awarded attorney's fees by the district court "in all but special circumstances," *id*. at 417, 98 S.Ct. at 698, the Court held that a prevailing defendant is not to be awarded attorney's fees unless a court finds that plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id*. at 422, 98 S.Ct. at 701.

The Supreme Court's decision to apply different standards for plaintiffs and defendants was based on two grounds. First, the Court noted that Congress, by providing for private actions under Title VII, had chosen plaintiffs to be "the chosen instrument . . . to vindicate 'a policy that Congress considered of the highest priority.'" *Id*. at 418, 98 S.Ct. at 699 quoting

from *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). Second, the Court declared that a different standard is appropriate because, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law.

Plaintiff asserts that the same rationale applied to Title VII actions in *Christiansburg Garment* should be applied in section 1983 actions. The defendant does not directly address this contention but argues that, even under the *Christiansburg Garment* test, he is entitled to costs.

The Court believes that the rationale underlying the different standards for attorney's fees in Title VII actions is equally applicable in section 1983 actions. In creating a private cause of action under section 1983, Congress clearly intended to have plaintiffs take an active role in safeguarding Constitutional guaranties. To hold that parties with arguably meritorious claims should be liable for attorney's fees after they lose at trial would have a chilling impact on potential plaintiffs and retard Congressional policy.

Applying the *Christiansburg Garment* test to the case at hand, the Court holds that defendant should not be awarded attorney's fees. While the Court did rule, as a matter of law, that plaintiff's loss of vision and loss of wages were unrelated to the incidents of July 16, 1976, it did find there was sufficient evidence on the question of excessive force to allow the case to go to the jury.

The decision to allow the case to go to the jury on the remaining issue of excessive force was based on the Court's belief that the evidence presented by the plaintiff was such that reasonable persons could differ in deciding the question of excessive force. Had the Court believed Mr. Bennett's claim was frivolous, unreasonable or groundless, it would have never allowed that issue to go to the jury.

Defendant's reliance upon *Chin v. Kauikeolani Children's Hospital*, 445 F.Supp. 1375 (D.C.Haw.1978), to support his position

that Mr. Bennett's claim is frivolous, is misplaced. In *Chin*, the court granted defendant's motion for a directed verdict in a section 1983 claim on the basis of plaintiff's failure to show state action. In awarding attorney's fees to the defendant, the court noted that awarding attorney's fees to prevailing defendants would not be inappropriate when the unreasonability of the action should have become apparent to plaintiff by the time of trial. *Chin* is inapplicable here since, at no time in the instant case, did it become apparent that Bennett's claim was unreasonable.

Based on the foregoing, defendant's motion for attorney's fees must be and is hereby denied.

SO ORDERED.