**LIFE SCIENCE CHURCH, by its Trustees James P. Wickstrom, Raymond Aquilar, and Donald Minniecheske; and Kathryn M. Stockheimer, James P. Wickstrom, Donald Minniecheske and Raymond Aquilar individually, Plaintiffs,**

v.

**Timothy L. VOCKE, Judge of Vilas County Circuit Court, et al., Defendants.**

**Civ. A. No. 81–C–239.**

United States District Court,
E. D. Wisconsin.

Feb. 10, 1982.

Darwin L. Zwieg, Neillsville, Wis., for defendant Nagy.

Joseph P. Stadtmueller, U. S. Atty. by William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis., for defendants Prebe and U. S. Government.

Gordon James Arnett, Chicago, Ill., for plaintiffs.

Theodore L. Priebe, Asst. Atty. Gen., Madison, Wis., for defendants Vocke, Brennan, Daul and Nass.

Stuart B. Eiche, Milwaukee, Wis., for defendants Stadelman, Martzke, Cornett, Machmueller, and Schroder.

Mark S. Henkel, Stevens Point, Wis., for defendants Kielblock and Alft.

## ORDER

REYNOLDS, Chief Judge.

This suit was an action for damages brought pursuant to 42 U.S.C. §§ 1983, 1985(2), 1981, and 1988. The plaintiffs alleged that the defendants, who are various federal, state, county, and city officials, had engaged in a conspiracy to deprive them of their constitutional rights, particularly their rights under the First Amendment, and to destroy the plaintiff Life Science Church, because the defendants believe that members of the church are also members of the Posse Comitatus. To that end, the plaintiffs alleged, the defendants had instituted various proceedings in state and federal courts designed to harass church members and ultimately to destroy the church.

In a decision and order issued July 16, 1981, the Court held that the plaintiffs' original complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure regarding setting forth a short and plain statement of the grounds for the court's jurisdiction and of a claim which

entitles the plaintiffs to relief; that "it appears that this lawsuit is primarily an effort by the plaintiffs to obtain a different conclusion in this court from the conclusions being or which have been arrived at in various civil cases pending against the defendants [sic] * in state court"; and that while "[t]he complaint is not sufficiently well pled to enable this court to hold that plaintiffs' claims are utterly frivolous, * * the impression created by all of the documents filed is that they are." (Page 2) The plaintiffs were given time to amend, conditioned on their posting a $1,000 bond as surety for the defendants' costs, to enable their newly retained attorney an opportunity to file satisfactory pleadings.

On August 5, 1981, an amended complaint was filed. On October 29, 1981, a decision and order was entered dismissing the amended complaint for the same reasons as applied to the original complaint. The Court concluded that "what the plaintiffs really seek through this federal action is to have this court review and reverse the actions taken by various state courts and, in one case, to suppress evidence which forms the basis for a criminal prosecution of a Life Science Church member which is pending before another branch of this court." (Page 3) A judgment of dismissal was entered on the same day, awarding to the defendants their costs.

Now pending before the Court are the plaintiffs' motion to reconsider the October 29, 1981, decision and order; the plaintiff Donald Minniecheske's motion for an order waiving all costs on appeal including transcripts and filing fees; the motion of the defendants Vocke, Brennan, Nass, and Daul for $650 in attorney's fees as part of their costs; and the motion of the defendants Stadelman, Machmueller, Martzke, Cornett, and Schroder for $1,000 in attorney's fees as part of their costs.

■ The plaintiffs' motion for reconsideration will be denied. Their memorandum in support of the motion to reconsider raises no arguments which were not previously

considered and rejected by the Court and, on review of the amended complaint, I remain convinced that it was properly dismissed.

■ The plaintiff Donald Minniecheske's motion for an order waiving all costs on appeal will be granted. The affidavit which he submitted in support of the motion states that he owns no stocks, bonds, or property other than the necessities of daily living and has an amount of money which is inadequate to provide for his daily needs. There are no transcripts in the record of the case, but an order will be entered waiving the filing fee for Mr. Minniecheske's appeal.

■ As to the two motions for attorney's fees which are pending, each will be granted to the extent of $500, payable from the bond which has been posted.

Section 1988 of Title 42 U.S.C. provides in part:

"* * * In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

In *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), the Supreme Court decided that under § 706(k) of Title VII of the Civil Rights Act of 1964, a prevailing defendant may recover attorney's fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." That standard has since been applied by lower courts under § 1988. *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 545 (5th Cir. 1978); *Woods v. State of New York*, 494 F.Supp. 201, 203–204 (S.D.N.Y.1980); *Ellis v. Cassidy*, 625 F.2d 227, 230 (9th Cir. 1980); *Bennett v. Cramer*, 495 F.Supp. 191, 192–193 (E.D.Wis.1980).

■ As previously stated, I am satisfied that this action borders on the frivolous and

* This should have read "plaintiffs."

is without foundation in that it is merely an effort by the plaintiffs to relitigate issues decided adversely to them in other courts. Under *Christiansburg,* supra, the circumstances of the case make an award of fees to the defendants appropriate. As for the appropriate amount of the award, while the defendants were not required to expend any great mental effort in obtaining a dismissal of the action, both the complaint and the amended complaint were lengthy and required careful study by one making an honest effort to comprehend them, and defendants' counsel did have to pursue two rounds of motions to dismiss. Even without any in-court proceedings, the paperwork which the case has entailed has been substantial.

Mr. Priebe, who represents the defendants Vocke, Brennen, Daul, and Nass, states in his affidavit filed in support of the motion for fees that he has spent ten hours working on this case. Mr. Eiche, who represents the defendants Stadelman, Machmueller, Martzke, Cornett, and Schroder, states, without listing his hours, that the value of his services rendered has greatly exceeded $1,000. Set forth in *Waters v. Wisconsin Steel Works of International Harvester Company,* 502 F.2d 1309, 1322 (7th Cir. 1974), cert. denied 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976), are a list of factors which the Seventh Circuit has recommended as guidelines in making a fee award. I am satisfied that both Mr. Priebe and Mr. Eiche are competent counsel. Mr. Priebe also has extensive experience in representing state employees. Both men were required to devote at least several hours each to meeting with their clients, reviewing the pleadings and submissions of other counsel, and researching and writing their briefs in support of their motions to dismiss. Both obtained successful results. On the other hand, the issues involved were not unusually difficult or novel, and I am satisfied that neither counsel was precluded from performing other work by his representation of the defendants in this case. In sum, therefore, I am satisfied that $500 apiece, representing roughly ten hours of work at $50 per hour, will adequately recompense the defendants whom they represent for their services.