**Mervin M. MOLGAARD et al., Plaintiffs,**

v.

**The TOWN OF CALEDONIA, a body corporate, et al., Defendants.**

No. 78–C–658.

United States District Court, E. D. Wisconsin.

May 24, 1982.

See also, D. C., 527 F.Supp. 1073.

Charne, Glassner, Tehan, Clancy & Taitelman by F. Thomas Olson, Arthur J. Harrington, Milwaukee, Wis., for plaintiffs.

Strnad & Gossens by Paul J. Gossens, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for an allowance of attorney's fees. After a trial to the court, I filed a decision on December 14, 1981, dismissing the plaintiffs' action. *Molgaard v. Caledonia*, 527 F.Supp. 1073 (E.D. Wis.1981). The present motion is bottomed on 42 U.S.C. § 1988, which authorizes the court in its discretion to allow the prevailing party in a § 1983 action a reasonable attorney's fee as part of the costs. The defendants' motion will be denied.

■ The standard applicable to the allowance of attorney's fees in favor of a defendant is more strict than the standard applicable to recovery by a prevailing plaintiff. The allowance of fees under § 1988 is designed to encourage plaintiffs to pursue

their private claims under § 1983. The imposition of attorney's fees against a plaintiff who loses a trial would have a chilling impact on this congressional policy. *Bennett v. Cramer,* 495 F.Supp. 191, 193 (E.D. Wis.1980).

In *Reichenberger v. Pritchard,* 660 F.2d 280, 288 (7th Cir. 1981), the defendants prevailed and attorney's fees were sought on behalf of the defendants pursuant to § 1988. The trial court granted an award of attorney's fees to the defendant, finding that the plaintiffs' action was "a joke" and "frivolous." The court of appeals found

"... that it was obvious at the outset of this case that the plaintiffs had not suffered injury or deprivation of a constitutional magnitude."

The general standard governing the exercise of the court's discretion in awarding attorney's fees to a prevailing defendant was set forth by the United States Supreme Court in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648. That standard is

"... a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."

This standard has been employed by the court of appeals for the 7th circuit in its recent decision in *Dusanek v. Hannon,* 677 F.2d 538 (7th Cir. 1982). The same standard has been applied in *Olitsky v. O'Malley,* 597 F.2d 303, 305 (1st Cir. 1979) and in *Lopez v. Arkansas County Independent School District,* 570 F.2d 541, 545 (5th Cir. 1978).

Mr. and Mrs. Molgaard brought this action contending that they had been denied their rights under the Constitution to due process by reason of the defendants' refusal to issue a license to them. In a 19–page written decision, I examined the evidence as applied to the allegations of the plaintiff and found no liability. However, there was no determination whatsoever that the plaintiffs' claims were spurious or presented in bad faith. To use the language of *Dusanek* there was nothing "frivolous, unreasonable, or without foundation" in the plaintiffs' action. *Id.,* at 543.

In their motion for fees, the defendants stress the inadequacy of the claims against the individual defendants. In my opinion, there is no basis for the application of the attorney's fees provisions of § 1988 in favor of either the town or the individual defendants.

Therefore, IT IS ORDERED that the defendants' motion for attorney's fees be and hereby is denied.