**William EILERS, Plaintiff,**

**v.**

**Mark Kingston PALMER, Deborah Ann Coy, Thomas Leroy Quick, Daniel Charles Graham, Joanne Mary Hansen, Thomas Shader, Steve Morin, Charlene Morin, Lloyd A. Morin, Jesse Eilers, Norman J. Eilers, Vance M. Smith, Kathryn G. Smith, Beth A. Haas, Henry J. Kaping, and Marilyn A. Kaping, Linda Morin, John Leif, Robert Lewis Brandyberry, Christopher Carlson, Larry Bizan, Vincent Jennings, and Academy of Our Lady of Lourdes, a Minnesota nonprofit corporation, Defendants.**

**Civ. No. 4–82–1329.**

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 4, 1984.

---

Pamela McKinney, St. Paul, Minn., and Lee Boothby, Boothby, Huff & Yingst, Berrien Springs, Mich., for plaintiff.

Mark S. Wasserman, Wasserman, Silberman & Baill, Minneapolis, Minn., for defendants Palmer, Coy, Quick, and Graham.

Steve Biesanz, Benson & Biesanz, Winona, for defendant Hansen.

William M. Schade, Somsen, Dempsey & Schade, New Ulm, Minn., for defendants Jesse Eilers, Norman J. Eilers, Vance M. Smith, Kathryn G. Smith, Beth A. Haas, Henry J. Kaping, and Marilyn A. Kaping.

James B. Wallace, Gislason, Dosland, Hunter & Malecki, New Ulm, Minn., for defendant Norman J. Eilers.

Gregory E. Kuderer, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, Fairmont, Minn., for defendants Thomas Shader, Steve Morin, Charlene Morin, and Lloyd A. Morin.

Donald M. Jardine and James A. Jardine, Jardine, Logan & O'Brien, St. Paul, Minn., for defendant Academy of Our Lady of Lourdes.

William J. Converse, Peterson, Bell & Converse, St. Paul, Minn., for defendant Beth A. Haas.

Vincent Jennings, pro se.

## ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on the plaintiff's appeal of an order of the United States Magistrate. The Magistrate ordered that the plaintiff respond to interrogatories asking for the names of all individuals and entities who are funding the plain-

tiff's lawsuit or who will participate in any verdict award.

## FACTS

This case involves allegations that the defendants kidnapped, imprisoned, and attempted to deprogram the plaintiff William Eilers, an adult member of the Disciples of the Lord Jesus Christ.

During discovery the defendants served two interrogatories requesting the information described above. Over the plaintiff's objections, the Magistrate ordered the plaintiff to answer the interrogatories. Sensitive to the plaintiff's concern that the information be kept confidential, the Magistrate also ordered the defendants' counsel not to disclose the answers to anyone without further order of the court. The plaintiff appeals the Magistrate's order.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ...." The plaintiff objects to the interrogatories on the grounds both of privilege and of relevance. The Court finds substantial merit in the plaintiff's objections and will overrule the Magistrate's order.

■ With regard to the plaintiff's privilege argument, support of litigation is a form of expression and association protected by the first amendment. *NAACP v. Button*, 371 U.S. 415, 428–29, 83 S.Ct. 328, 335–36, 9 L.Ed.2d 405 (1963). Actions that may have the effect of chilling or curtailing the exercise of these first amendment freedoms must be closely scrutinized. *Buckley v. Valeo*, 424 U.S. 1, 25, 96 S.Ct. 612, 637, 46 L.Ed.2d 659 (1976); *NAACP v. Alabama*, 357 U.S. 449, 460–61, 78 S.Ct. 1163, 1170–71, 2 L.Ed.2d 1488 (1958). In this case, compelled disclosure of the names of those individuals or groups supporting the plaintiff's lawsuit would create a genuine risk of interference with protected inter-

ests in two ways. First, such disclosure might make the plaintiff, or future plaintiffs, reluctant to accept the support of unpopular groups, fearing that evidence of such support would be used at trial to the plaintiff's disadvantage. *See Peterson v. Sorlien*, 299 N.W.2d 123, 131 (Minn.1980). Second, the supporters themselves, for various reasons, may have a desire for anonymity that might cause them to withhold support knowing that their names would be disclosed. This is a particular concern in cases such as this one where the supporters are likely to be members of unorthodox religious groups. For these reasons, the Court concludes that information relating to support of the plaintiff's lawsuit is privileged.[1]

■ The requested information is also of only minimal relevance. The Minnesota Supreme Court has ruled in *Peterson v. Sorlien*, 299 N.W.2d 123, 131 (Minn.1980), that such information should not be put before a jury. The defendants suggest several other uses for the information, none of which is compelling. Their primary claim is that the information is needed for an effective voir dire of the jury panel. However, any prejudice of a potential juror can be revealed through general questions going to the juror's attitudes toward various religious groups and the juror's own religious affiliation. It is not necessary for the defendants to know the name of every group supporting the plaintiff's lawsuit in order to weed out biased jurors.

The defendants also claim they need the information so that they would know from whom to seek recovery of their attorneys' fees if they win the case. While 42 U.S.C. § 1988 authorizes an award of fees to the "prevailing party" in a civil rights case, it is clear that defendants can recover fees only if the suit was frivolous or brought in bad faith. *E.g., Olitsky v. O'Malley,* 597 F.2d 303, 305 (1st Cir.1979). Under this standard, it is unlikely that the defendants

---

**1.** As for information relating to who will share in the verdict award, if any, the plaintiff has already stated in his brief that no one other

than the plaintiff will receive any damages awarded. Plaintiff's brief at 2–3. This issue therefore appears to be moot.

will be entitled to attorneys' fees even if they prevail. In any event, the defendants have not suggested by what authority the supporters of the litigation, as opposed to the plaintiff himself, would be liable for payment of attorneys' fees.

Finally, the defendants claim they need the information to determine the real party in interest in the case. The same claim that the supporters of the litigation, not the plaintiff, were the real parties in interest was made in *Peterson* and rejected as a matter of law by the trial court. On appeal, the Minnesota Supreme Court accepted the court's conclusion. 299 N.W.2d at 131. For these reasons, the requested information has only slight, if any, relevance.

Accordingly, IT IS ORDERED that the portion of the United States Magistrate's order of November 21, 1983, requiring the plaintiff to answer defendants' interrogatories three and four is reversed.