**Mary L. BOWERS, Appellant,**

v.

**KRAFT FOODS CORP., Appellee.**

**No. 79–1272.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1979.

Decided Oct. 4, 1979.

As Modified on Denial of Rehearing Oct. 23, 1979.

Raymond Howard, St. Louis, Mo., for appellant.

Edwin L. Noel, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo. (argued), and Walter M. Clark, St. Louis, Mo., on brief, for appellee.

Before HEANEY and ROSS, Circuit Judges, and LARSON, Senior District Judge.[*]

ROSS, Circuit Judge.

This is an appeal from a decision dismissing appellant Bowers' claims of racial discrimination in job classification, promotion and pay, and awarding the prevailing defendant, her employer Kraft Foods Corp., attorney's fees. Bowers initially filed this suit on May 7, 1974, as a class action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The case was dismissed without prejudice on the eve of trial and on December 6, 1977, Bowers filed the instant complaint.

Count I of Bowers' complaint, brought under 42 U.S.C. § 2000e *et seq.,* was dismissed because it was not brought within 90 days after Bowers received her right to sue letter from the EEOC. *Bowers v. Kraft Foods Corp.,* 467 F.Supp. 971, 974 (E.D.Mo. 1979). *See Hinton v. CPC International, Inc.,* 520 F.2d 1312, 1315–16 (8th Cir. 1975). Following a trial on the merits under Count II of the complaint, alleging jurisdiction under 42 U.S.C. § 1981, the district court[1] held that Bowers had not proved a prima facie case and that Kraft had "convincingly demonstrated that the plaintiff's work performance, her attitude, and her work record were not satisfactory. The defendant has successfully rebutted any allegations of the plaintiff." *Bowers v. Kraft Foods Corp., supra,* 467 F.Supp. at 974.

---

[*] The Honorable EARL R. LARSON, Senior United States District Judge, District of Minnesota, sitting by designation.

[1] The Honorable James H. Meredith, United States District Judge for the Eastern District of Missouri.

On appeal Bowers contends that the district court's findings were clearly erroneous and that the court's award of attorney's fees constituted an abuse of discretion. We affirm in part and reverse in part.

■ Bowers contends that the district court erred in finding that she was not entitled to relief. We disagree. Bowers' complaint alleged that she had not been classified, promoted, or paid the same as white coemployees, and that she had been harassed by her supervisors at work. The evidence below consisted largely of conflicting testimony given by Bowers and eight witnesses for Kraft. In reviewing such evidence, this court must give due regard to the opportunity of the district court to judge the credibility of the witnesses. Fed. R.Civ.P. 52(a). *Stanley v. Henderson,* 597 F.2d 651, 653 (8th Cir. 1979).

> [A] finding of fact is only deemed clearly erroneous if it is not supported by substantial evidence, if it proceeds from an erroneous conception of the applicable law, or if on a consideration of the entire record the appellate court is left with the definite and firm conviction that a mistake has been made.

*Marshall v. Kirkland,* 602 F.2d 1282, at 1291 (8th Cir. 1979), *quoting Southern Illinois Stone Co. v. Universal Engineering,* 592 F.2d 446, 451 (8th Cir. 1979). *See also Zenith Radio Corp. v. Hazeltime Research, Inc.,* 395 U.S. 100, 123, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).

We have carefully examined the briefs and the record, and we find no substantial or compelling evidence in the record to suggest error in this case. The record as a whole supports the decision of the district court that this case does not present a valid claim of racial discrimination. *See, e. g., Stevens v. Junior College District of St. Louis-St. Louis County,* 548 F.2d 779, 782 (8th Cir. 1977). We conclude that the district court's denial of relief to Bowers was not based on clearly erroneous findings or a misapprehension of the law.

■ Next Bowers contends that the district court abused its discretion in awarding Kraft's counsel $5,000 in attorney's fees.[2] A district court may in its discretion award attorney's fees to a prevailing defendant in a § 1981 case but should not do so unless it finds that the plaintiff's claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.[3] The district court based the award of fees to Kraft on its conclusion that Bowers had "no foundation in fact for her lawsuit and that this is a frivolous lawsuit maliciously filed." *Bowers v. Kraft Foods Corp., supra,* 467 F.Supp. at 974.

■ Although we have upheld the judgment of the district court denying Bowers relief, we do not believe that Bowers' contentions were so frivolous or malicious as to justify an award of attorney's fees to Kraft. Bowers' receipt of a right to sue letter, even though insufficient in itself to overcome the district court's findings of frivolity, could have lead Bowers to reasonably believe that her claim was meritorious. Moreover, the evidence, while weak, was sufficient to conceivably have influenced Bowers to believe that she had a stronger case.

Accordingly, we affirm the district court's judgment on the merits, reverse the district court's award of attorney's fees

---

2. The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides that: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

3. In *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 420, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court considered a substantially identical statute authorizing the award of attorney's fees under Title VII of Civil Rights Act of 1964. There the court concluded that a prevailing defendant is to be awarded attorney's fees only when the court in the exercise of its discretion has found that the plaintiff's action was frivolous, unreasonable, or without foundation. *Id.* at 422, 98 S.Ct. 694. *See Patzkowski v. United States,* 576 F.2d 134, 138 (8th Cir. 1978) (applying the standards set forth in *Christiansburg* to an award under section 1988).

against Bowers, and order that each party pay its own costs of this appeal.