EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff-Appel-
lant,

v.

FRUEHAUF CORPORATION,
Defendant-Appellee.

No. 78–1356.

United States Court of Appeals,
Tenth Circuit.

Argued May 18, 1979.

Decided Nov. 9, 1979.

Rehearing Denied Dec. 26, 1979.

Vella M. Fink, Washington, D. C. (Abner W. Sibal, General Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, and Lutz Alexander Prager, Washington, D. C., on brief), for plaintiff-appellant.

Norman E. Reynolds, Oklahoma City, Okl. (V. Burns Hargis, of Reynolds, Ridings & Hargis, Oklahoma City, Okl., on brief), for defendant-appellee.

Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

The Equal Employment Opportunity Commission brought the present action against Fruehauf Corporation charging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* The alleged discrimination was Fruehauf's refusal to promote blacks to the position of foreman in Fruehauf's Oklahoma City facility. Fruehauf is a Michigan corporation doing business in Oklahoma and it maintains a shop in Oklahoma City where it services truck trailers. On motion, the action was dismissed on the ground that the action was not instituted within 180 days from the date of the filing of the individual

charge of discrimination upon which the Commission's present action is based. 42 U.S.C. § 2000e–5(f)(1). On appeal, we reversed and remanded for further proceedings. *Equal Employment Opportunity Commission v. Fruehauf Corporation,* unpublished opinion No. 75–1686, filed May 17, 1976.

After remand, the case was tried to the court, sitting without a jury. The trial court in detailed findings and conclusions found for Fruehauf and entered judgment in its favor. Additionally, the trial court found that the action brought by EEOC against Fruehauf was not brought in good faith and was frivolous from its inception. Accordingly, the trial court entered judgment in favor of Fruehauf against EEOC in the sum of $25,000 as attorney's fees. EEOC appeals the judgment thus entered. We affirm in part, and reverse in part.

The Fruehauf shop in Oklahoma City is a relatively small one, employing only about 20 persons. There are two foremen. At the time of the trial of this matter there were 4 black employees, one of whom had been only recently hired. The other 3 blacks were long-time employees. Two of the black employees, Lloyd Edwards and Matt Clark, filed charges with the Oklahoma Human Rights Commission, alleging that Fruehauf had discriminated against them because of their race. Specifically, the complaint was that they had been passed over when the company was filling the position known as shop foreman. This complaint was forwarded to the EEOC, and the complaint was investigated by an EEOC investigator, one Donald Frazier, who had been with the EEOC for some time during the course of which he had investigated some 250 to 300 charges of discrimination. Frazier interviewed both Edwards and Clark, the complainants, and reviewed certain answers of Fruehauf to interrogatories. He then conducted a 3-hour on-the-site investigation of the Fruehauf shop. Frazier deposed the branch manager, one Eldon Goss, who was in charge of the shop, and did some additional interviewing of personnel. On the basis of Frazier's report the EEOC found that there was reasonable cause to believe that the charges of discrimination were true. Subsequent conciliation efforts failed, and the present suit was then filed.

The action was based on alleged discrimination against the 3 black persons who were long-time Fruehauf employees, which included one Harry King, in addition to Edwards and Clark. As above indicated, the trial court initially dismissed the action on the ground that suit had not been timely filed. On appeal, we reversed. On remand, the case was tried to the court. After all the evidence from both sides had been presented, the trial court found for Fruehauf and entered judgment to that effect.

The trial court found, *inter alia,* that the EEOC had not made out a *prima facie* case, and on appeal the EEOC argues that such finding is clearly erroneous, both as a matter of fact and of law. Whether a *prima facie* case was made out by the EEOC is in our view largely a matter of semantics and for the sake of argument we are willing to concede that such was established. However, the trial court made other findings, amply supported by the record, which effectively preclude the EEOC from prevailing in this appeal.

■ Under the authorities one essential element in a case of this type is that there be a showing that the person in question be qualified for the position to which he aspires. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Rich v. Martin Marietta Corp.,* 522 F.2d 333, 346–347 (10th Cir. 1978). As indicated, we shall concede that EEOC made a *prima facie* showing in this regard. The testimony of the individuals involved, if nothing else, would indicate that each believed himself qualified to serve as shop foreman. However, such did not end the matter. Eldon Goss, Fruehauf's branch manager, testified at length, and the gist of his testimony was that none of the three was qualified for the position of shop foreman. Indeed, on appeal, as we understand it, EEOC concedes that the trial court's finding that Edwards and Clark were unqualified to serve as shop foremen is not clearly erroneous, and hence must be upheld.

On appeal EEOC argues that the trial court's finding that Harry King was also not qualified to serve as shop foreman is clearly erroneous. We disagree.

The trial court's finding that Harry King was not qualified to serve as shop foreman was based primarily on Goss's testimony. It was Goss's testimony, incidentally, which was the basis for the trial court's finding that neither Edwards nor Clark was qualified for the position as shop foreman. As concerns King, Goss testified that King was "slow" in the performance of his shop duties; that King had specialized in the area of stainless steel repair, and had only limited knowledge of the other working areas within the shop; that King became confused under pressure; and that in his opinion King was not qualified to serve as shop foreman. Without further detailing of evidentiary matter, we conclude that the trial court's finding that King was not qualified to serve as shop foreman is not clearly erroneous, and therefore on appeal cannot be disturbed by us. The trial judge in this instance is of course the finder of the facts. He passes on the credibility of the witnesses. It would be beyond our province to reverse the trial court's finding and enter a finding of our own that King is qualified to serve as shop foreman.

As above mentioned, the trial court found that the EEOC had acted in bad faith and that the entire case was frivolous from its inception, and based on such finding assessed attorney's fees in the sum of $25,000 against EEOC. Needless to say, EEOC appeals that particular judgment, and that is perhaps the main issue in the case.

■ 42 U.S.C. § 2000e–5(k) provides that a reasonable attorney's fee may be awarded the prevailing party in an action of the present type. The Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 651, 54 L.Ed.2d 586 (1978) held that a prevailing defendant in a Title VII proceeding is to be awarded attorney's fees only when the court in the exercise of its discretion finds that the plaintiff's action was frivolous, unreasonable or without foundation. As mentioned above, the trial court found that the instant case was frivo-lous in its inception and was motivated in bad faith. However, our study of the record convinces us that in awarding attorney's fees in the sum of $25,000 the trial court abused its discretion and therefore such award must be vacated.

■ The fact that the plaintiff in this case did not prevail on the merits does not necessarily mean that its action was frivolous, unreasonable or without foundation. *Christiansburg*, 434 U.S. at 422, 98 S.Ct. 651. The instant case had its inception when 2 blacks complained that they were being discriminated against in job promotion because of their race. No black had ever served as a shop foreman at Fruehauf, though several had served as mechanics for a considerable length of time. Investigation of the complaints was made in due course and in the usual manner. There is nothing in the record before us to support the trial court's finding that the action was frivolous from its inception, or that in prosecuting the action EEOC was motivated by something other than good faith, presumably bad faith. *Cottrell v. Newspaper Agency Corporation*, 590 F.2d 836, 839 (10th Cir. 1979).

The judgment awarding attorney's fees in the sum of $25,000 is reversed. In all other respects, the judgment is affirmed.