**Stanford L. BURRIS and Equal Employment Opportunity Commission, Plaintiffs,**

**v.**

**DAVIDSON TRANSFER AND STORAGE COMPANY, Defendant.**

**Civ. A. No. 77–413.**

United States District Court, D. Delaware.

Dec. 3, 1981.

Joseph J. Farnan, Jr., U. S. Atty., and John X. Denney, Jr., Asst. U. S. Atty., Wilmington, Del., for plaintiffs; Lanier E. Williams, and Nadine D. Mariano, of Equal Employment Opportunity Commission, Philadelphia, Pa., of counsel.

Steven D. Goldberg, of Theisen, Lack, Mulford & Goldberg, Wilmington, Del., for defendant; Russell H. Gardner, and Jeanne M. Phelan, of Wolf, Pokempner & Hillman, Baltimore, Md., of counsel.

## SUPPLEMENTAL OPINION

CALEB M. WRIGHT, Senior District Judge.

This supplemental opinion is written to clarify issues raised in the plaintiffs' motion to vacate as to the proper allocation between parties of the burden of proof in a Title VII employment discrimination suit in light of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny.

In its opinion filed August 20, 1981, 520 F.Supp. 935 (D.C.Del.) this Court entered judgment for the defendant, holding that the plaintiffs had failed to establish a prima facie case of employment discrimination on the basis of race. Upon reconsideration of the entire record in the case, the Court has decided that judgment was properly entered for the defendant due to the plaintiffs' failure to meet their ultimate burden of persuasion, *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *Whack v. Peabody & Wind Engineering Co.*, 595 F.2d 190, 193 (3d Cir. 1979), but that the Court's analysis of the intermediate evidentiary burdens was inadequate.

The inadequacy of the Court's analysis stems from its use of the term "prima facie" in a manner inconsistent with the definition of the term set forth by the Supreme Court in *Burdine*:

The phrase "prima facie case" may denote not only the establishment of a legally mandatory, rebuttable presumption,

but also may be used by courts to describe the plaintiff's burden of producing enough evidence to permit the trier of fact to infer the fact at issue. 9 J. Wigmore, Evidence § 2494 (3d ed. 1940). *McDonnell Douglas* should have made it apparent that in the Title VII context we use "prima facie case" in the former sense.

*Texas Department of Community Affairs v. Burdine, supra,* 450 U.S. at 254, n. 7, 101 S.Ct. at 1094 n. 7.[1] This Court's use of "prima facie case" in the latter sense noted in *Burdine* was inappropriate, as the plaintiffs have persuasively argued in support of the instant motion, because it would result in some cases in a heavier burden of proof on a plaintiff than the Supreme Court intended to impose under *McDonnell Douglas*. While it has been recognized in this Circuit that to establish a prima facie case, usually "some showing must be made that plaintiff was treated differently from similarly situated individuals of different racial groups," *Whack v. Peabody & Wind Engineering Co., supra,* at 193 n. 11, such a showing should not have been required on the facts of the present case.

While the Court based its decision in the opinion filed in August on all the evidence presented at trial, its failure to use "prima facie case" in the *McDonnell Douglas* sense may have misled the parties as to the basis of the holding. In this supplemental opinion, the Court's expression of its analysis of the evidentiary burdens on the parties in a Title VII case is revised to reflect the analysis in which the Court actually engaged in reaching its decision and to articulate such analysis in terms which comport with *Burdine*.

In *McDonnell Douglas*, the Supreme Court enumerated factors held sufficient in that case to establish a prima facie case of racial discrimination. Such factors were: (1) that plaintiff belonged to a racial minority, (2) that he applied for a job for which he was qualified and for which the employ-

1. It was not until the Court began to consider the present motion that the distinction made in

footnote 7 of *Burdine* was fully appreciated by the Court.

er was seeking applicants, (3) that despite the plaintiff's qualifications, he was rejected and (4) that after plaintiff's rejection, the position sought remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. Having decided *McDonnell Douglas* in the context of a failure to rehire, the Court noted, "The facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13.

The claim of a violation of Title VII in the present case was premised on the defendant's alleged racially discriminatory failure to recall Burris to work from layoff status on certain occasions in accordance with Davidson's collective bargaining agreement. In tailoring the criteria set forth in *McDonnell Douglas* to the facts of this case, the Court finds it sufficient for the establishment of a prima facie case of racial discrimination for the plaintiffs to show that (1) Burris was a black employee, (2) he was a qualified truck driver on layoff status with recall rights based on seniority during the relevant period and (3) white drivers with less or no recall rights were called to work on certain occasions on which Burris did not have the opportunity to work. The Court holds that the plaintiffs met their burden in this regard and established a prima facie case of employment discrimination.

The establishment of a prima facie case shifts the burden to the defendant to articulate a legitimate, nondiscriminatory reason for the treatment of the plaintiff sufficient to raise a genuine issue of fact. *Texas Department of Community Affairs v. Burdine, supra*, 450 U.S. at 254–55, 101 S.Ct. at 1094–95; *McDonnell Douglas Corp. v. Green, supra*, 411 U.S. at 802–03, 93 S.Ct. at 1824; *Jackson v. U.S. Steel Corp.*, 624 F.2d 436, 442–43 (3d Cir. 1980). Davidson met this burden by the introduction of evidence to the effect that Burris had been treated no differently than similarly situated white persons, that is, that Burris had

been offered opportunities to work to the same extent that white truck drivers on layoff status possessing recall rights based on seniority had been offered such opportunities.

Plaintiffs' argument fails in the third stage of Title VII employment discrimination analysis, in which it is the plaintiffs' burden to show that the evidence offered by the employer in rebuttal of the prima facie case is a mere pretext for racial discrimination. *Texas Department of Community Affairs v. Burdine, supra*, 450 U.S. at 256, 101 S.Ct. at 1095; *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 578, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978); *McDonnell Douglas Corp. v. Green, supra*, 411 U.S. at 804, 93 S.Ct. at 1825. Neither the absence of notations on Burris's time card, indicating that there had been no verification of the fact that he had been offered an opportunity to work on certain occasions, nor the general statistical data offered by the plaintiffs warrants a conclusion that Burris had been singled out among similarly situated workers for discriminatory treatment due to his race. *See Whack v. Peabody & Wind Engineering Co., supra*, at 194. The time cards of white employees of the same status as Burris indicate that there were at least an equal number of occasions on which there was no verification of the fact that such employees had not been bypassed, in contravention of their recall rights, in favor of casual employees. Moreover, the plaintiffs have not adduced evidence from which the Court could find that the white employees had in fact been called on occasions on which there appear no notations on their cards. Likewise, the statistical data regarding the defendant's historical racial hiring patterns is not so compelling as to support a conclusion that Davidson has engaged in a pattern or practice of racial discrimination from which the Court will infer that Burris was discriminated against as an individual.

Given the lack of evidence from which the Court can infer that there was racially premised disparate treatment of Burris and similarly situated white employees by

Davidson, the plaintiffs have not met their burden of establishing a violation of Title VII. Accordingly, the motion to vacate is denied.