Stanford L. BURRIS and Equal Employment Opportunity Commission, Plaintiffs,

v.

DAVIDSON TRANSFER AND STORAGE COMPANY, a Maryland corporation, and General Teamsters, Local 326, an Unincorporated Association, Defendants.

Civ. A. No. 77–413.

United States District Court, D. Delaware.

April 27, 1982.

---

See also, D.C. 520 F.Supp. 435, D.C. 527 F.Supp. 930.

Joseph J. Farnan, U.S. Atty., and John X. Denney, Jr., Asst. U.S. Atty., Wilmington, Del., Lanier E. Williams, and Nadine D. Mariano, of Equal Employment Opportunity Commission, Philadelphia, Pa., for plaintiffs.

Steven D. Goldberg of Theisen, Lank, Mulford, & Goldberg, Wilmington, Del., Russell H. Gardner and Jeanne M. Phelan of Wolf, Pokempner & Hillman, Baltimore, Md., for defendant, Davidson Transfer and Storage Co.

Joseph M. Bernstein of Wilmington, Del., for defendant, General Teamsters, Local 326.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

Prevailing defendants Davidson Transfer and Storage Company ("Davidson") and General Teamsters, Local 326 ("Local 326") have moved for an allowance and award of attorneys' fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k).[1] In connection therewith, Local 326 has also filed a Motion to Compel Discovery against plaintiff Equal Employment Opportunity Commission ("EEOC"), through which Local 326 purports to make "inquiry into the decision-making process which resulted in the litigation."[2] The EEOC, on its own behalf and that of plaintiff Stanford L. Burris, has opposed all such Motions.[3] Upon an extensive review of the entire record and for the reasons hereinafter set forth, the defend-

---

1. Local 326 filed a Motion for Allowance and Award of Attorneys' Fees on December 2, 1981 and a Supplement thereto on January 6, 1982. Davidson filed a Motion for Allowance and Award of Attorneys' Fees on February 3, 1982 and an Amended Motion on February 16, 1982.

2. Local 326's Memorandum in Support of Motion to Compel Discovery, at 11.

3. Counsel for the EEOC has advised the Court that there may be a conflict of interest between

the EEOC and Mr. Burris as to the potential liability of each to the defendants. Plaintiffs' Objections to Defendant Company's Application for Costs, at 4; letter of February 25, 1982 addressed to the Court by counsel for the EEOC. For purposes of the present Opinion, however, such potential conflict is inconsequential, and the EEOC is deemed by the Court to represent both its own interests and those of Burris.

ants' Motions for Allowance and Award of Attorneys' Fees are summarily denied. Insofar as the Motion to Compel Discovery is intended by Local 326 to elicit material relating to its argument for an award of attorney's fees, that motion is also denied.

## FACTS

Most of the salient facts giving rise to the present Motions are set forth in the three Opinions written by the Court in the course of this litigation.[4] In brief, Burris was laid off from his position as a driver with defendant Davidson in December of 1974, having been hired by the company in March, 1973. On May 30 and October 23 of 1975, Burris filed Charges of Discrimination against Davidson and Local 326 with the Delaware Department of Labor.[5] Such charges alleged, inter alia, that Davidson had discriminatorily failed to recall Burris from layoff status in accordance with the terms of the company's seniority system and collective bargaining agreement, and that Local 326 had discriminatorily failed to adequately process grievances filed by black members of the union in regard to their rights to be recalled to work. In Determinations issued February 3 and March 4 of 1977, the Baltimore District Office of the EEOC found, inter alia, "reasonable cause to believe that Respondent Employer engaged in an unlawful employment practice against Charging Party with regard to recall in violation of Title VII of the Civil Rights Act of 1964, as amended, and that the Respondent Labor Organization failed to adequately represent him when he filed a grievance."[6] The EEOC issued Burris a Notice of Right to Sue on July 27, 1977.[7]

The case was filed with this Court by Burris on October 25, 1977. The plaintiff sought declaratory and injunctive relief, reinstatement with back pay, punitive and exemplary damages and attorneys' fees for the defendants' alleged violations of 42 U.S.C. §§ 1981, 2000e–2(a) and 2000e–3(a). After commencement of the suit, extensive discovery was conducted until October 3, 1980, when plaintiff's disagreements with his attorney culminated in a withdrawal and substitution of counsel.[8] Less than three weeks later, plaintiff's newly substituted attorneys were permitted to withdraw, having experienced difficulties with Burris similar to those of their predecessor.[9]

Left without counsel on the eve of trial, which had been scheduled for December 15, 1980, Burris contacted the Philadelphia District Office of the EEOC on November 6, 1980.[10] Burris met with an EEOC trial attorney the following day. Both the trial attorney and the Office of the General Counsel concluded that Burris's claims of discrimination by Davidson and Local 326 were "meritorious" and "deserving of litigation."[11] The EEOC sought to postpone the scheduled trial and to intervene in the case

---

4. The Court wrote a Memorandum Opinion denying Local 326's Motion for a Protective Order and both defendants' Motion to Limit the Scope of Intervention by the EEOC on January 8, 1981. 25 Emp.Prac.Dec. (CCH) ¶ 31,656. An Opinion ordering the entry of judgment for defendant Davidson, the case against Local 326 having been dropped prior to trial, was filed on August 20, 1981. 520 F.Supp. 935. The Court wrote a Supplemental Opinion on December 3, 1981 in order to clarify its analysis of the evidentiary burdens in its August Opinion. 527 F.Supp. 930.

5. Complaint, Exhibit "A".

6. Complaint, Exhibit "B".

7. Complaint, Exhibit "C".

8. In support of his Motion to Withdraw, filed June 18, 1980, plaintiff's attorney cited plaintiff's failure to cooperate or communicate with him and fundamental and irreconcilable differences of opinion as to the prosecution of the case.

9. Plaintiff's substituted attorneys, who practiced in the same office as his original attorney, stated the same reasons as had their predecessor for their inability to effectively represent Burris. In addition, the substituted attorneys filed on October 14, 1980 a Motion to Dismiss the case in which they stated their belief that the case did not have sufficient merit to warrant continued prosecution.

10. See the EEOC's Motion to Postpone Trial, at 3–4.

11. Id. at 3.

on behalf of the plaintiff.[12] In support of its Motion to Intervene, the EEOC cited the following benefits to be derived from its intervention: "(1) Plaintiff Stanford Burris will be provided the assistance of counsel he needs; (2) EEOC will seek to resolve this lawsuit through settlement instead of trial; and (3) if trial is necessary, the EEOC's participation should contribute to a more efficient and effective presentation of the issues and facts to the Court for resolution."[13] The Court found good and sufficient grounds to support EEOC intervention, and the EEOC's Motion to Intervene was granted on December 18, 1980; trial was postponed.

The EEOC filed a Complaint-in-Intervention upon the issuance by its General Counsel of a Certificate of Public Importance pursuant to 42 U.S.C. § 2000e–5(f)(1).[14] The EEOC Complaint alleged violations of 42 U.S.C. § 2000e–2 by Davidson and Local 326 with respect to the former's recall procedures and the union's processing of grievances.

Substantial additional discovery was undertaken by the EEOC between December 18, 1980 and March 5, 1981. On March 5, the EEOC and Burris moved to drop Local 326 as a defendant "in light of the available evidence" and "in the interest of justice."[15] The Court dismissed the action against the union on March 18, 1981, expressly reserving jurisdiction to determine whether the dismissed defendant would be entitled to costs as a prevailing party.

Trial was held before the Court on March 16 and 17, and May 12, 1981. Judgment was entered for defendant Davidson on August 20, 1981, the Court holding that Burris had failed to prove his case. On December 3, 1981, the Court filed a Supplemental Opinion in which it elaborated on its analysis of the shifting evidentiary burdens in a Title VII case. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The Court concluded that Burris had established a prima facie case of employment discrimination against Davidson, but had ultimately failed to prove that the rebuttal evidence offered by the defendant was a pretext for racial discrimination.[16]

## THE ATTORNEYS' FEES MOTIONS

 Under both Title VII and 42 U.S.C. § 1981, prevailing parties may be awarded reasonable attorneys' fees as part of the costs incurred in an action.[17] Prevailing defendants, however, are held to a higher standard than are prevailing plaintiffs in establishing entitlement to attorneys' fees in employment discrimination cases. Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Christianburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).[18] Under Title VII, "a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." Christianburg, supra at 417, 98 S.Ct. at 698 (emphasis in original) (footnote omitted). Fees will be awarded to a prevailing defendant, however, only "upon a finding that the plaintiff's action was frivolous, unreasonable, or

12. The EEOC's Motion to Postpone was filed on December 8, 1980. Its Motion to Intervene was filed two days later, on December 10.

13. EEOC Motion to Intervene, at 1.

14. The Certificate of Public Importance and Complaint-in-Intervention were both filed with the Court on December 18, 1980.

15. Plaintiffs' Motion to Drop General Teamsters, Local 326 as a Party Defendant, at 2.

16. Burris and EEOC v. Davidson Transfer and Storage Company, 527 F.Supp. 930, 932–33 (D.Del.1981). In its Opinion, the Court noted that Burris's ultimate failure to prove pretext was due in substantial part to Davidson's poor record-keeping. It was established at trial that the company frequently failed to verify in writing the dates on which attempts were made to recall particular laid-off workers. Such failure, which was contrary to company policy, made Burris's case extremely difficult to prove.

17. See 42 U.S.C. §§ 2000e–5(k) and 1988.

18. At issue in Hughes was a fee application made under § 1988 in a § 1983 action. Christianburg dealt with an application under § 2000e–5(k) in a Title VII action.

without foundation, even though not brought in subjective bad faith." *Id.* at 421, 98 S.Ct. at 700. The threshold is at least as high for a prevailing defendant under § 1988. *Hughes v. Rowe, supra* 449 U.S. at 14, 101 S.Ct. at 178.[19]

As the Supreme Court recognized in *Christianburg, supra* 434 U.S. at 418–19, 98 S.Ct. at 698–99, there are at least two strong equitable considerations weighing in favor of awarding attorneys' fees to prevailing civil rights plaintiffs that are wholly absent in the case of prevailing defendants. First, the plaintiff is the "chosen instrument" of Congress, a "private attorney general," to enforce the civil rights laws. A substantial public benefit inheres in the success of a prevailing civil rights plaintiff who, unlike the prevailing defendant, appears "before the court cloaked in a mantle of public interest." *U.S. Steel Corp. v. U.S.*, 519 F.2d 359, 364 (3d Cir. 1975).[20] Secondly, when attorneys' fees are awarded to a prevailing civil rights plaintiff, they are being awarded *against* a violator of federal law and "a policy that Congress considered of the highest priority."[21]

██ The Court's analysis of the defendants' entitlement to recover attorneys' fees

19. In considering an application for fees under § 1988, the Court in *Hughes* reiterated the *Christianburg* criteria and stated, "Although arguably a different standard might be applied in a civil rights action under 42 U.S.C. § 1983, we can see no reason for applying a less stringent standard." *Hughes, supra* 449 U.S. at 14, 101 S.Ct. at 178.

It has been suggested that a *more* stringent standard is appropriate under § 1988 in light of the Act's legislative history. *See* E. R. Larson, Federal Court Awards of Attorney's Fees 85–97 (1981). For purposes of the present motions, it is not necessary for the Court to decide whether Congress intended to require a showing of subjective bad faith on the part of a losing plaintiff before a prevailing defendant could be awarded attorneys' fees under § 1988. The standards set forth by the Supreme Court in *Christianburg* will be applied both to plaintiff's § 1981 and Title VII claims.

20. The Third Circuit in the *U.S. Steel* case, which was cited with approval by the *Christianburg* Court, was the first federal appellate court to consider the appropriate criteria governing an attorneys' fees award to a prevailing Title VII defendant. *See Christianburg, supra* 434 U.S. at 420 21, 98 S.Ct. at 700. The Third

from Burris and/or the EEOC in this case is made in light of the foregoing standards and considerations.

## THE DEFENDANTS' CASE AGAINST BURRIS

It is apparent to the Court that Burris brought his claim against the defendants in good faith, honestly believing that he had been the victim of discrimination at their hands. He prudently and conscientiously brought his charges against Davidson and Local 326 before the EEOC, as contemplated by the statutory scheme of Title VII.[22] The EEOC issued two Determinations and a Notice of Right to Sue which lent credence to at least some portion of Burris's charges against the defendants. In this context, it is difficult for the Court to perceive how Burris's case could be construed as being frivolous, unreasonable or without foundation, at least at the time of its inception. Indeed, in *Bowers v. Kraft Food Corp.*, 606 F.2d 816 (8th Cir. 1979), a case in which the plaintiff failed to make out a prima facie case under 42 U.S.C. § 1981, the Eighth Circuit reversed an award of attorneys' fees to the prevailing defendant due in large part to the plaintiff's receipt of a right to sue:

Circuit upheld the trial court's decision not to allow attorneys' fees to the prevailing defendant due to defendant's failure to adduce evidence that the action had been "unfounded, meritless, frivolous or vexatiously brought." *U.S. Steel Corp. v. U.S.*, 519 F.2d at 363.

The Supreme Court in *Christianburg* qualified the language of the Third Circuit in *U.S. Steel* and that of the Second Circuit in a similar case, *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir. 1976) "only by pointing out that the term 'meritless' is to be understood as meaning groundless or without foundation, rather than that the plaintiff has ultimately lost his case, and that the term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him." *Christianburg, supra* 434 U.S. at 421, 98 S.Ct. at 700.

21. 434 U.S. at 418, 98 S.Ct. at 698, *quoting Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (Title II of the Civil Rights Act of 1964).

22. *See* 42 U.S.C. § 2000e–4 and 5.

Although we have upheld the judgment of the district court denying Bowers relief, we do not believe that Bowers' contentions were so frivolous or malicious as to justify an award of attorney's fees to Kraft. Bowers' receipt of a right to sue letter, even though insufficient in itself to overcome the district court's finding of frivolity, could have lead [sic] Bowers to reasonably believe that her claim was meritorious. Moreover, the evidence, while weak, was sufficient to conceivably have influenced Bowers to believe that she had a stronger case.

606 F.2d at 818. Similarly, in the present case, Burris's dealings with the EEOC reinforced his sense that he had been discriminated against and his determination to vindicate his rights.

Burris continued to believe in the merit of his claim even after his counsel had stopped believing that he would prevail. In this sense his position had become, by October of 1980, somewhat analogous to that of the plaintiff in *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). In that case, the Supreme Court reversed an award of attorneys' fees that had been made to a prevailing defendant in a *pro se* action brought by a prison inmate under 42 U.S.C. § 1983. Citing the *Christianburg* standards, the Supreme Court stated, "These limitations apply with special force in actions initiated by uncounseled prisoners.... An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe, supra* at 15, 101 S.Ct. at 179. In the present case, Burris's difficulties with his attorneys, for whatever reason, left him without effective assistance of counsel for at least some period of time. Since the Court finds that Burris acted in good faith on his own behalf, he will not be held to as high a standard in assessing the merit of his claims as would a more sophisticated consumer of legal services or a litigant represented by counsel with whom he was in wholehearted agreement.

Apart from the plaintiff's good faith, the Court finds that the case brought by Burris was not lacking in merit. The fact that he prevailed against neither Local 326 nor Davidson does not necessarily mean that the case was frivolous, unreasonable or without foundation. To arrive at such a conclusion would be to ignore the Supreme Court's proscription against the use of "hindsight logic" in inferring meritlessness from a plaintiff's failure ultimately to prevail.[23]

As to Local 326, Burris voluntarily dropped his claims prior to trial when advised by counsel in whom he had faith that his case was not supported by sufficient evidence. As noted by the *Christianburg* court, it is not a rare case in which the decisive facts as to the merits of the relevant claims emerge only after discovery or at trial. The Court finds that Burris's case against Local 326 was not one so lacking in merit before its dismissal as to entitle the union to attorneys' fees from Burris.

As to Davidson, the evidence adduced by Burris at trial and his establishment of a prima facie case are sufficient to warrant a finding that Burris's claim against the company was meritorious. Burris's problems of proof in establishing that Davidson's rebuttal evidence was a pretext for racial discrimination do not persuade the Court to

---

23. The Court stated:

In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christianburg, supra* 434 U.S. at 421-22, 98 S.Ct. at 700-01.

the contrary. Davidson is not entitled to attorneys' fees from Burris.

## THE DEFENDANTS' CASE AGAINST EEOC

The Court finds that plaintiff-in-intervention EEOC acted at all times in good faith before the Court and toward the defendants. The decision to intervene was made only after both the trial attorney handling the case and the General Counsel of the EEOC found that Burris's case was meritorious and worthy of litigation. The same conclusion had been reached by the Baltimore District Office of the EEOC almost four years previously. Moreover, in moving to intervene on behalf of an unrepresented litigant on the eve of trial, the EEOC stated that its intervention would serve to provide assistance of counsel to Burris, to facilitate possible settlement and to streamline the facts and issues tried before the Court. The Court notes that counsel for the EEOC performed all these functions conscientiously and competently.

Apart from the good faith demonstrated by the EEOC, the Court finds that the case brought by it against the defendants was not frivolous, unreasonable or without foundation. As to Local 326, it took the intervening plaintiff only a very short time—less than three months—to conclude on the basis of its own discovery and its review of the discovery conducted by predecessor counsel that the case against the union should be dismissed due to lack of evidence. It is apparent to the Court that the EEOC's expeditious handling of this aspect of Burris's case saved Local 326 substantial expense in defending against a claim which was not, in the Court's eyes, wholly lacking

in merit. In this context, there is no basis for an award to Local 326 of attorneys' fees against the EEOC.[24]

As to defendant Davidson, the Court finds that the intervention by EEOC was meritorious. Based upon its own investigation and determinations regarding the claims made by Burris, the EEOC decided there was a reasonable basis for a lawsuit. In this context, a finding that the EEOC's intervention was frivolous or without foundation is not warranted. *See EEOC v. Fruehauf Corp.*, 609 F.2d 434, 436 (10th Cir. 1979), *cert. denied* 446 U.S. 965, 100 S.Ct. 2941, 64 L.Ed.2d 824 (1980). Moreover, the establishment of a prima facie case of employment discrimination by the plaintiffs severely undermines defendant Davidson's argument that the suit brought against it was meritless. The Court finds that Davidson is not entitled to attorneys' fees from the EEOC.

## CONCLUSION

The defendants' Motions for Allowance and Award of Attorneys' Fees are denied. Insofar as defendant Local 326's Motion to Compel Discovery relates to any attorneys' fees issues, such motion is also denied.

---

**24.** Defendant Local 326 seems to argue in its Memorandum in Support of Motion to Compel Discovery, at 11 ·14, that the Court will be unable to determine the union's entitlement to attorneys' fees because the case against it was not tried on the merits before the Court. Therefore, Local 326 contends, responses to its post-trial interrogatories to the EEOC must be compelled before the parties and the Court can address the substance of the attorneys' fees motions.

The Court rejects this argument. A substantial record was developed in this case before, during and after the three day trial. The Court is fully cognizant of the contents of such record, and has a sound basis upon which to determine the propriety of attorneys' fees awards. The fact that the case against Local 326 was dismissed prior to trial has no bearing on the necessity of protracted post-trial discovery and briefing relating to the attorneys' fees issues.