**STANDRIDGE FLYING SERVICE and Wayne Standridge, Individually, Appellants,**

v.

**DEPARTMENT OF TRANSPORTATION, Federal Aviation Administration, and Jack Rhodes, Mayor of Lake Village, Arkansas, Appellees.**

No. 82–1784.

United States Court of Appeals, Eighth Circuit.

June 23, 1983.

Bill R. Holloway, Lake Village, Ark., for appellants Standridge Flying Service and Wayne Standridge; Holloway & Bridewell, Lake Village, Ark., of counsel.

George W. Proctor, U.S. Atty., Richard M. Pence, Jr., Asst. U.S. Atty., Little Rock, Ark., for appellees.

Gill, Skokos, Simpson, Buford & Owen, P.A., Little Rock, Ark., for appellee Mayor Jack Rhodes.

Before BRIGHT and FAGG, Circuit Judges, and JONES, District Judge.*

## ORDER

Appellee Jack Rhodes, Mayor of Lake Village, Arkansas, petitions this court for his costs and attorney's fees associated with defending against the appeal in this case.

---

* JOHN BAILEY JONES, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. While our award is based on this court's authority under Rule 38 to award costs and fees when an appeal is frivolous, and while appellants failed to set forth a civil rights claim of any sort, we note that our award is also proper under the standard of *Christiansburg*

Appellants, Standridge Flying Service and Wayne Standridge, contended on appeal that the district court[1] erred in dismissing their complaint for failure to state a claim upon which relief could be granted. In an unpublished opinion, this court determined that the appeal was frivolous and affirmed on the basis of the district court's opinion. *Standridge Flying Service v. Department of Transportation,* No. 82–1784, slip op. at 2 (8th Cir. April 27, 1983) (per curiam). *See* 8th Cir.R. 14.

Standridge had sued Mayor Rhodes under 42 U.S.C. § 1983, alleging that Mayor Rhodes, acting on behalf of the City of Lake Village, deprived him of his constitutional right to make the "best use" of his property by refusing to allow him to build a taxiway connecting his adjacent property and agricultural flying service business to the Lake Village Municipal Airport. The Federal Aviation Administration does not permit such "through the fence" operations. The district court held that Standridge failed to state a cognizable claim under 42 U.S.C. § 1983, in that Standridge failed to show in any way that Standridge and Standridge Flying Service had been discriminated against or deprived of the use of their property.

After reviewing the record, we deem it proper to award Mayor Rhodes' request for costs and attorney's fees in defending against a frivolous appeal, pursuant to 8th Cir.R. 17, and Rules 38 and 39 of the Fed. R.App.P.[2] *See United States v. Douglas M. Hart,* 701 F.2d 749 (8th Cir.1983) (per curiam). Rule 38 authorizes an award of "just damages" to an appellee, including

*Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), which states that a plaintiff in a civil rights case should not be assessed his opponent's attorney's fees unless a court finds that his claim is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id; cf. Obin v. District No. 9 of the International Association of Machinists and Aerospace Workers,* 651 F.2d 574, 577–78 (8th Cir.1981); *Bowers v. Kraft Foods Corp.,* 606 F.2d 816, 818 (8th Cir.1979).

attorney's fees and other expenses incurred by the appellee, upon a finding that the appeal is frivolous. *See* Fed.R.App.P. 38 advisory committee note. This is such a case.

Accordingly, we grant appellee Jack Rhodes' motion for costs of $25.54, and reasonable attorney's fees of $2,060, incurred by him in connection with this appeal.