**Carol DAVIS, Plaintiff,**

v.

**CITY OF CHARLESTON, MISSOURI; Kim Smith, Individually and as a Police Officer of the City of Charleston, Missouri; Sgt. Claude Grant, Individually and as a Police Officer of the City of Charleston, Missouri; and Edward C. Graham, Defendants.**

**No. S84–0283C.**

United States District Court,
E.D. Missouri,
Southeastern Division.

Nov. 18, 1986.

Eric E. Vickers, Vickers, Moore & Weist P.C., St. Louis, Mo., for plaintiff.

John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., William L.

Webster, Atty. Gen. by Paul LaRose, Asst., Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

■ This matter is before the Court upon plaintiff's motion to set aside judgment.

After careful consideration and review of the entire record, the Court makes the following findings:

1. This matter was set for trial for the week of September 29, 1986.
2. Counsel for plaintiff represented to this Court that the trial setting was not only acceptable but desirous.
3. Counsel for plaintiff, plaintiff, and plaintiff's witnesses did not appear on the appointed day.
4. Counsel for plaintiff failed to notify counsel for defendants of his• time conflicts.
5. Counsel for plaintiff failed to file a motion for continuance.
6. Counsel for plaintiff failed to arrange for members of his firm to appear in open court to either represent plaintiff or request a continuance.
7. This Court entered summary judgment against plaintiff on defendant's renewed motion and dismissed plaintiff's case for failure to prosecute.

Based upon the above findings, the Court can find no reason to set aside the judgment entered against plaintiff on September 30, 1986.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to set aside a judgment be and is DENIED.

## ON MOTION FOR ATTORNEY'S FEES AND EXPENSES

■ This matter is before the Court upon defendants' motion for attorney's fees and expenses.

The above-styled action is a civil rights case filed pursuant to 42 U.S.C. § 1983. On September 30, 1986, defendants appeared in this Court and announced ready for trial, but plaintiff and plaintiff's counsel failed to appear. Defendants then renewed their motion for summary judgment, which was granted.

As a result of the foregoing, defendants are prevailing parties and may be entitled to recovery of attorney's fees pursuant to 42 U.S.C. § 1988, which states:

> ... In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The fact that the prevailing parties in this action are defendants raises new issues. Considerations underlying an award of attorney fees for a prevailing plaintiff in civil rights litigation are entirely different from those considered in determining whether a defendant may be entitled to reimbursement of legal fees where the action he was required to defend against was unreasonable, frivolous, meritless, or vexatious. *Mid-Hudson Legal Services, Inc. v. G & V, Inc.,* 578 F.2d 34 (2nd Cir.1978). Thus, defendants are entitled to an award if the Court finds in accordance with *Mid-Hudson,* Supra, that plaintiff's claim was frivolous, meritless, unreasonable, or vexatious.

This question poses significant problems because it is possible that a plaintiff's complaint may appear to have some merit, but upon further discovery it proves to be completely meritless. The Eighth Circuit has addressed this issue in *Bowers v. Kraft Foods Corp.,* 606 F.2d 816 (8th Cir.1979). In *Bowers,* the Court stated that "[A] [d]istrict court may in its discretion award attorney fees to prevailing defendant under this section, but should not do so unless it finds that a plaintiff's claim was frivolous, unreasonable, or groundless, *or that plain-tiff continued to litigate after it clearly became so." Bowers* Supra at 818 (emphasis added).

In the instant case, defendants moved this Court for summary judgment on or about August 8, 1985. This Court has made it a practice to allow all § 1983 plaintiffs a full opportunity to substantiate claims; and when plaintiff's response to the motion for summary judgment requested additional time to conduct discovery, the Court denied the motion to allow plaintiff a full opportunity to conduct discovery. However, the record is clear that plaintiff conducted *no* discovery after August 8, 1985.

The Court finds that plaintiff's conduct in this action is nothing short of reprehensible. Plaintiff has wasted this Court's time as well as defendant's time and money. It is clear to this Court that plaintiff filed suit against everyone she could think of and hoped that she might prevail somewhere along the line. The fact that plaintiff took no discovery after requesting time to do so, and ultimately failed to appear on the trial date, indicates that plaintiff knew her claims to be meritless, but that she continued the litigation despite this knowledge.

To award fees in a case such as this will not deter § 1983 plaintiffs from filing legitimate actions. It will, however, put the public on notice that vexatious and frivolous suits will not be tolerated. These are the very considerations this Court is mandated to examine by the statute and subsequent case law.

Defendants have provided the Court with detailed documentation of fees charged by their counsel. The Court has reviewed this documentation and finds that the fees are reasonable.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for attorney's fees and expenses be and is GRANTED.

IT IS FURTHER ORDERED that plaintiff be and is ordered to pay Four Thousand Five Hundred Ninety-One Dollars and

Fifty-Six Cents ($4,591.56) to defendants as costs and fees pursuant to 42 U.S.C. § 1988.