Nathaniel GORDON, Freddie Douglas and Robert L. McFarlin, Plaintiffs,

v.

HERCULES, INC., Defendant.

Civ. A. No. 87–2081–S.

United States District Court,
D. Kansas.

June 9, 1989.

George A. Groneman, White & Groneman, Chartered, Kansas City, Kan., for plaintiffs.

Albert F. Kuhl, H. David Barr, Gage & Tucker, Overland Park, Kan., for defendant.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Hercules, Inc.'s request for attorneys' fees in this case. On October 6, 1988, after a trial to the court, the court issued a memorandum and order finding that plaintiffs failed to show a prima facie case of racial discrimination in defendant's promotion practices in its security department. Also, the court found that plaintiff Nathaniel Gordon failed to present evidence of a prima facie case that he was discharged in retaliation for his filing of a charge with the Equal Employment Opportunity Commission. For details of the facts in this case, the court refers to its Memorandum and Order dated October 6, 1988.

In the present motion, defendant requests attorneys' fees pursuant to 42 U.S. C. § 2000e–5(k), Rule 11 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1927. The court must proceed with much caution when a prevailing defendant in an employment civil rights case requests an award of attorneys' fees against plaintiffs. The court does not want to use this power to discourage or stifle employees who have good faith and heartfelt beliefs that they are the objects of unlawful discriminatory treatment from litigating their claims.

An award of attorney's fees to a prevailing party under 42 U.S.C. § 2000e–5(k) is within the court's discretion. The United States Supreme Court has stated that "a plaintiff should not be assessed his opponents attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978), *quoted in, Smith v. Josten's American Yearbook Co.*, 624 F.2d 125, 126 (10th Cir.1980).

Although the court found that none of the plaintiffs could present a prima facie case of discrimination or retaliation, these findings were made only after a thorough evaluation of the factual evidence presented. This case was facts intensive. Nota-

bly, our finding that the acting sergeant's "position" was a work detail and not a promotion within the security department (Findings of Fact No. 7) was detrimental to plaintiffs' theory of the case. The perceived evidence of discrimination, although weak, was sufficient to have conceivably influenced plaintiffs to believe that they had a stronger case than they actually did. *See Bowers v. Kraft Foods Corp.*, 606 F.2d 816, 818 (8th Cir.1979), *quoted in, Smith,* 624 F.2d at 126. Therefore, the court cannot say that plaintiffs' initiation or litigation of this action was either frivolous, unreasonable or groundless. Thus, the court will exercise its discretion and deny defendant's request for attorneys' fees under 42 U.S.C. § 2000e–5(k).

Defendant also seeks recovery of attorneys' fees as a sanction under Rule 11 of the Federal Rules of Civil Procedure. The court, above, has found that the litigation of this action cannot be found frivolous. Therefore, recovery of attorneys' fees under Rule 11 is foreclosed.

Finally, defendant seeks recovery of attorneys' fees under 28 U.S.C. § 1927. This statute provides that a party may recover attorney's fees as an element of cost against an attorney "who so multiplies the proceedings in any case so as to increase costs unreasonably or vexatiously...." The court finds that defendant has failed to provide sufficient evidence of such behavior by plaintiffs' attorney. Attorney Groneman acted in good faith in litigating his clients' claims. Therefore, the court will deny an award of attorneys' fees under 28 U.S.C. § 1927.

IT IS BY THE COURT THEREFORE ORDERED that defendant's request for attorneys' fees against plaintiffs and their attorney is denied.