**UNITED STATES of America**

v.

**Marvin THOMAS.**

**Crim. Action No. 3:04cr188–T.**

United States District Court,
M.D. Alabama,
Eastern Division.

Dec. 3, 2004.

Federal Defender, Kevin L. Butler, Federal Defenders Middle District of Alabama, Montgomery, AL, for Defendant.

Matthew S. Miner, U.S. Attorney's Office, Montgomery, AL, for Plaintiff.

*ORDER*

MYRON H. THOMPSON, District Judge.

Defendant Marvin Thomas is charged in this case with 15 counts of possessing and negotiating embezzled or stolen United States Postal Service money orders, in violation of 18 U.S.C.A. § 500. Now before the court is a motion by his attorney, a federal defender appointed by the court, asking to be allowed to withdraw and for a substitution of counsel. For the reasons set forth below, it is ORDERED that the motion is denied.

Defense counsel's motion to withdraw, filed one week prior to the scheduled trial date, is premised upon the Thomas's alleged lack of cooperation. In particular, defense counsel claims that Thomas has refused to share material details regarding the criminal charges leveled against him; has insisted on a December 2004 trial date despite continuing investigations into potentially exculpatory evidence; has accused the federal defenders of being government informants; and has engaged in unruly behavior during client meetings.

The court recognizes that attorneys may withdraw as a result of their clients' unreasonable failure to cooperate. *See, e.g., Kolacek v. Gemexco Trading, Inc.,* 1992 WL 14991 (S.D.N.Y. Jan.23, 1992) (granting motion to withdraw when client had made numerous unkept promises to furnish counsel with documents and information and to attend meetings); *Burris v. Davidson Transfer & Storage Co.,* 537 F.Supp. 1029, 1031 n. 8 (D.Del.1982) (noting withdrawal and substitution of counsel when the plaintiff had failed to cooperate or communicate with his attorney and there existed fundamental and irreconcilable dif-

ferences of opinion as to the prosecution of the case). Likewise, the Eleventh Circuit Court of Appeals has indicated that a client's cooperation, or lack thereof, is to be given weight, at least when considering whether counsel has provided effective assistance. *Thomas v. Wainwright,* 767 F.2d 738, 743 (11th Cir.1985) ("A criminal defendant's unreasonable refusal to communicate or cooperate with his attorney is one of the 'circumstances' that must be considered in determining whether an attorney's assistance was reasonably effective.").

Yet Thomas's failure to request substitution of counsel and the low probability of a better relationship with other defense counsel—given Thomas's seemingly indiscriminate distrust of federal defenders—dictate against granting defense counsel's motion to withdraw. Indeed, to allow current defense counsel to withdraw and to appoint new counsel would merely result in the transfer of current defense counsel's problems to a new attorney, who would then be entitled to withdraw as well if the underlying reason for the current counsel's request has merit. An attorney should not be allowed to withdraw in order simply to transfer his difficulties with his client to another attorney. Moreover, Thomas is not entitled to appointed counsel of his own choice, *cf. United States v. McCutcheon,* 86 F.3d 187, 189 (11th Cir.1996) ("We have consistently held that while the right to counsel is absolute, there is no absolute right to counsel of one's own choice"), and, in particular, is not entitled to a non-public defender attorney.

In addition, this court advised Thomas of his right to represent himself, but he did not indicate that he wanted to exercise that right.

In conclusion, *Thomas v. Wainwright* is instructive. In *Thomas,* the defendant refused to speak with counsel regarding his case, forcing counsel to investigate the case on his own. The district court denied a motion to appoint other counsel, and, upon being convicted, the defendant appealed on the grounds that his lack of communication with counsel denied him the right to effective assistance of counsel. Of particular relevance to the instant case, the court of appeals noted that: "[G]ood cause did not exist for assignment of new counsel ... Thomas' obstinate refusal [to cooperate] ... gave no indication that he would cooperate with any other lawyer the court could have appointed, nor that he desired to proceed *pro se.*" 767 F.2d at 743. The court went on to note that "[e]ven a criminal defendant's complete noncooperation does not free his lawyer to abdicate his professional responsibility to represent his client in the best way possible under the circumstances." *Id. Cf. Harding v. Davis,* 878 F.2d 1341, 1344 (11th Cir.1989) (defendant's failure to cooperate with counsel did not justify defense counsel's failure to object to a directed verdict).

While defense counsel here seems to be dealing with a difficult client, there is no basis in the current record to allow his withdrawal and to appoint new counsel.